Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000166
08-JAN-2020
07:46 AM

NO. CAAP-19-0000166

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK TRUST, N.A., as Trustee for WG2 Mortgage Trust VII,
Series 2013-1, Plaintiff-Appellee,
v.
BRETT C. ARIZUMI, Defendant-Appellant,
and
CITIFINANCIAL INC., DEPARTMENT OF TAXATION STATE OF HAWAII,
UNITED STATES OF AMERICA, HAWAII LAW ENFORCEMENT FEDERAL
CREDIT UNION fka HONOLULU POLICE FEDERAL CREDIT UNION,
RENE MATSUURA, ZACHARY KONDO, IVY ROOT, RADFORD REAL,
AOAO OF 3036 KAHALOA DRIVE, Defendants-Appellees,
and
DOES 1-20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-1769-08 (JHC))


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Brett C. Arizumi (**Arizumi**) appeals
from the "Judgment" (**Judgment Confirming Sale**) entered pursuant
to the "Order Granting Plaintiff's Motion for Confirmation of
Sale, Distribution of Proceeds, and For Writ of Ejectment" (**Order
Confirming Sale**), both entered on February 11, 2019, by the
Circuit Court of the First Circuit (**Circuit Court**) in favor of
Plaintiff-Appellee U.S. Bank Trust, National Association as

Trustee for WG2 Mortgage Trust VII, Series 2013-1 (**U.S. Bank**).[1] Arizumi also appeals from the "Order Denying Defendant Brett C. Arizumi's Renewed Motion for Relief from Judgment Pursuant to HRCP Rule 60(b)(3) and (4), Based on Lack of Subject Matter Standing Jurisdiction, Fraud on the Court, Supervening Authority, and Violations of Due Process of Law" (**Order Denying HRCP Rule 60(b) Motion**), also entered on February 11, 2019.

In his points of error Arizumi contends that "[t]he lower court committed reversible error by refusing to grant Arizumi's Rule 60(b) Motions and to set aside its prior orders and judgments, for each of the following reasons:" (1) it misapplied the subject matter jurisdictional standing requirements of Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) to this case by misconstruing the evidentiary worth of U.S. Bank's verified complaint in contravention of Capital One N.A. v. Klika, Nos. CAAP-14-0001322 & CAAP-16-0000620, 2018 WL 2011728 (Hawai'i App. Apr. 30, 2018); (2) it misapplied Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b)(4)'s timeless prohibition against the enforcement of void judgments based upon void transactional documents created in violation of court orders; and (3) it misapplied HRCP Rule 60(b)(4)'s timeless prohibition against the enforcement of void judgments based upon fraud on the court.

Upon careful review of the record and briefs submitted by the parties and having given due consideration to the arguments and issues they raise, as well as the relevant statutory and case law, we resolve Arizumi's points of error as follows, and we affirm.

On August 19, 2014, U.S. Bank initiated this foreclosure action against, *inter alia*, Arizumi. Arizumi did not respond to U.S. Bank's complaint and an entry of default was entered against him on February 2, 2015. On May 18, 2015, U.S.

---

[1] The Honorable Jeannette H. Castagnetti presided over the relevant proceedings.

2

Bank filed its motion for summary judgment and decree of foreclosure against all defendants. On November 9, 2015, the Circuit Court entered its "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure" (**Foreclosure Decree**) and accompanying "Judgment" (**Foreclosure Judgment**). No party appealed from the Foreclosure Judgment, and thus the Foreclosure Judgment became final and binding as to U.S. Bank's right to foreclosure on the subject property. See Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013).

On May 2, 2017, almost one and a half years after the Foreclosure Judgment was entered, Arizumi filed "Defendant's Motion for Relief from Judgment Pursuant to HRCP 60(b)(2), (3), (4) and (6)" (**First HRCP Rule 60(b) Motion**). In the First HRCP Rule 60(b) Motion, Arizumi argued, *inter alia*, that the Circuit Court should set aside the Foreclosure Judgment because U.S. Bank had failed to establish its standing. On February 26, 2018, the Circuit Court denied Arizumi's First HRCP Rule 60(b) Motion, concluding in relevant part that U.S. Bank had established its standing under Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 through its verified complaint. There was no appeal from this order.

On October 1, 2018, U.S. Bank filed "Plaintiff's Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment" (**Motion to Confirm Sale**).

On October 22, 2018, Arizumi filed "Defendant Brett C. Arizumi's Renewed Motion for Relief From Judgment Pursuant to HRCP Rule 60(b)(3) and (4), Based on Lack of Subject Matter Standing Jurisdiction, Fraud on the Court, Supervening Authority, and Violations of Due Process of Law" (**Renewed Rule 60(b) Motion**). In his Renewed Rule 60(b) Motion, Arizumi continued to challenge U.S. Bank's standing, asserting that the Circuit Court's reliance on U.S. Bank's verified complaint was rejected

3

by this court in Klika.  Arizumi further argued that the Circuit Court should set aside the Foreclosure Judgment because U.S. Bank had obtained the mortgage through a void assignment, and because U.S. Bank committed fraud on the court by placing the winning credit bid on the subject property without informing the Court that it no longer owned the mortgage when the auction was held.  In support of the Renewed Rule 60(b) Motion, Arizumi attached exhibits and purported to authenticate these exhibits through the declaration of his counsel, Gary Dubin (**Dubin**).  However, from our review, Dubin's declaration fails to properly authenticate, at a minimum, exhibits 7 and 10, upon which Arizumi rests his contention that MERS did not have authority to assign the mortgage on behalf of the original lender, New Century Mortgage Corporation, and that U.S. Bank did not hold the mortgage when it credit bid at auction.

On February 11, 2019, the Circuit Court entered its Order Confirming Sale, Judgment Confirming Sale, and Order Denying HRCP Rule 60(b) Motion.  This appeal follows.

**I.    Arizumi's challenge to U.S. Bank's standing.**

In his first point of error, Arizumi appears to assert that the Circuit Court erred in entering both its Judgment Confirming Sale and Order Denying HRCP Rule 60(b) Motion because U.S. Bank failed to establish its standing under Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248.

In regard to Arizumi's first point of error, to the extent it pertains to the Judgment Confirming Sale, the res judicata effect of the Foreclosure Judgment, from which no party appealed, precludes Arizumi from challenging U.S. Bank's standing in his appeal of the Judgment Confirming Sale.  See Wise, 130 Hawai'i at 16-17, 304 P.3d at 1197-98.  As such, the Circuit Court did not err in entering the Judgment Confirming Sale.

Further, to the extent that Arizumi's first point of error pertains to the Order Denying HRCP Rule 60(b) Motion, lack of standing does not render a court's ruling void under HRCP Rule 60(b)(4).  "In the sound interest of finality, the concept of a

4

void judgment must be narrowly restricted." <u>Cvitanovich-Dubie v. Dubie</u>, 125 Hawaiʻi 128, 141, 254 P.3d 439, 452 (2011) (citations and internal quotation marks omitted). As such, "a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." <u>Id.</u> at 141, 254 P.3d at 452 (citation and footnote omitted). As recently reaffirmed by the Supreme Court of Hawaiʻi, "[i]n Hawaiʻi state courts, standing is a prudential consideration . . . and is not an issue of subject matter jurisdiction[.]" <u>Tax Found. of Hawaiʻi v. State</u>, 144 Hawaiʻi 175, 188, 439 P.3d 127, 140 (2019).

Here, Arizumi does not challenge the Circuit Court's personal jurisdiction, and his argument that U.S. Bank lacks standing is not equivalent to challenging a court's subject matter jurisdiction. Rather, this foreclosure action is "'in the class of suits' that the [circuit] court 'has the general power to adjudicate.'" <u>See</u> <u>Dubie</u>, 125 Hawaiʻi at 142, 254 P.3d at 453 (citation omitted). Thus, the Circuit Court did not err in denying the Renewed Rule 60(b) Motion as it pertains to U.S. Bank's standing in this foreclosure action.

**II. Arizumi's remaining HRCP Rule 60(b) claims.**

In his second point of error, Arizumi appears to assert that the Foreclosure Judgment is void under HRCP Rule 60(b)(4) because U.S. Bank was not validly assigned the subject mortgage and note. However, as previously stated, "a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." <u>Id.</u> at 141, 254 P.3d at 452 (citation and footnote omitted). Arizumi's second point of error does not support voiding the Foreclosure Judgment, but instead is another effort to challenge U.S. Bank's standing, which is barred by Arizumi's failure to appeal from the Foreclosure Judgment. <u>See</u> <u>Wise</u>, 130 Hawaiʻi at 16-17, 304 P.3d at 1197-98. The Circuit Court did not err in denying Arizumi's

Renewed Rule 60(b) Motion under HRCP Rule 60(b)(4) due to the alleged defective assignment to U.S. Bank.

Finally, Arizumi asserts in his third point of error that the Circuit Court erred in denying his Renewed Rule 60(b) Motion because U.S. Bank committed "fraud on the court" by placing a winning credit bid for the subject property when it allegedly knew that it no longer owned the subject mortgage and note at the time of the auction. First, Arizumi's factual contention, that U.S. Bank did not have rights under the mortgage when it credit bid, was not supported by any properly admitted evidence. Moreover, as correctly noted by the Circuit Court in its Order Denying HRCP Rule 60(b) Motion, Arizumi's argument was untimely under HRCP Rule 60(b)(3) because relief on the grounds of fraud must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Arizumi characterizes U.S. Bank's conduct as "fraud on the court". However, as explained by the Supreme Court of Hawai'i, "since the remedy for fraud on the court is far reaching, it only applies to very unusual cases involving far more than an injury to a single litigant, but rather, a corruption of the judicial process itself." Dubie, 125 Hawai'i at 144, 254 P.3d at 455 (citations, internal quotation marks, and brackets omitted). Arizumi's claim does not rise to the level of fraud on the court, and is properly evaluated as alleged fraud under HRCP Rule 60(b)(3). See id. at 145-46, 254 P.3d at 456-57. Here, the Foreclosure Judgment from which Arizumi sought relief was entered on November 9, 2015, and Arizumi filed his Renewed Rule 60(b) Motion on October 22, 2018, almost three years later.[2] The Circuit Court did not err in

---

[2] In his reply brief, Arizumi asserts that his Renewed Rule 60(b) Motion was timely under HRCP Rule 60(b)(3) because it was within one year of the public auction, confirmation of sale hearing, and entry of the Judgment Confirming Sale. However, Arizumi's Renewed Rule 60(b) Motion was filed on October 22, 2018, before the Judgment Confirming Sale was entered on February 11, 2019. The Renewed Rule 60(b) Motion sought relief from the Foreclosure Judgment, not the Judgment Confirming Sale. His claim of fraud under HRCP Rule 60(b)(3) was untimely.

denying Arizumi's Renewed Rule 60(b) Motion under HRCP Rule 60(b)(3), as it was untimely.

Therefore, IT IS HEREBY ORDERED that the following, all entered on February 11, 2019, by the Circuit Court of the First Circuit, are affirmed:

(1) "Judgment";

(2) "Order Granting Plaintiff's Motion for Confirmation of Sale, Distribution of Proceeds, and For Writ of Ejectment"; and

(3) "Order Denying Defendant Brett C. Arizumi's Renewed Motion for Relief from Judgment Pursuant to HRCP Rule 60(b)(3) and (4), Based on Lack of Subject Matter Standing Jurisdiction, Fraud on the Court, Supervening Authority, and Violations of Due Process of Law".

DATED: Honolulu, Hawai'i, January 8, 2020.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
(Dubin Law Offices)
for Defendant-Appellant.

Lansen H.G. Leu,
(Leu Okuda & Doi)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

7